UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHINGAIRAI FERESU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01227-TWP-DKL |
| ) | |
| INDIANA UNIVERSITY BLOOMINGTON, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Indiana University Bloomington ("IU") (Filing No. 17). Plaintiff Shingairai Feresu ("Ms. Feresu") is a former employee of IU. Ms. Feresu brought this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act ("EPA"), the Americans with Disabilities Act ("ADA"), and Equal Rights Under Law ("§ 1981"), alleging employment discrimination based on her race, nationality, sex, and disability. Ms. Feresu is seeking compensatory and punitive damages in the amount of $300,000.00. IU moved to dismiss this action on the basis of its Eleventh Amendment immunity. For the following reasons, the Court **GRANTS in part and DENIES in part** IU's Motion to Dismiss.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint must contain a "short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"[Courts] consider documents attached to the complaint as part of the complaint itself. Such documents may permit the court to determine that the plaintiff is not entitled to judgment." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (citations omitted). Dismissal is appropriate "when a party has included in its complaint 'facts that establish an impenetrable defense to its claims.'" *Hecker*, 556 F.3d at 588 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)). "A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits. . . . If the plaintiff voluntarily provides unnecessary facts in her complaint, the defendant may use those facts to demonstrate that she is not entitled to relief." *Id.* (quoting *Tamayo*, 526 F.3d at 1086). While "a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses," if the

complaint "nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)).

## II. BACKGROUND

Ms. Feresu began her employment with IU in 2010. She helped start IU's epidemiology and biostatistics programs. Approximately two years into her employment, on October 30, 2012, Ms. Feresu was removed from teaching her class in the middle of the semester after ten weeks of instruction (Filing No. 8-2 at 4–5). It appeared that Ms. Feresu's removal was a result of student complaints. Her removal was decided by the vice provost of academic and faculty affairs, the dean and associate deans of her department, and the chair of her department. The process by which student complaints are handled by IU was not followed by these individuals in deciding Ms. Feresu's fate. *Id.* Ms. Feresu was not given due process: she did not first learn of the student complaints before her removal, she was not given an opportunity to confront any evidence against her, and she was not given an opportunity to defend herself against the complaints (Filing No. 19-1 at 1–2). An IU faculty review board considered Ms. Feresu's situation and determined that she was not given due process. *Id.* However, Ms. Feresu eventually lost her employment with IU in 2014. As a result of being removed from her class in the middle of the semester, Ms. Feresu was placed in a negative light and was distracted from research projects. It also affected her health and work performance.

Ms. Feresu also experienced discrimination when other junior, less-experienced, or less-educated faculty received promotions, appointments, greater salaries, or grant funding for projects while she did not receive such benefits. It appeared that such promotions, appointments, salaries, and grant funding were given to others based on their nationality, race, or gender. By way of

example, when Barbara Van Der Pol was hired by IU, she received a starting salary of $83,000.00, and at that same time, Ms. Feresu was paid $72,000.00 annually.  However, Ms. Van Der Pol was not a trained epidemiologist with a PhD while Ms. Feresu was a trained epidemiologist with a PhD.  Ms. Van Der Pol is a white female from the United States while Ms. Feresu is a black, female from Zimbabwe.  In 2012, Ms. Van Der Pol's salary was increased above $94,000.00 while Ms. Feresu's salary was increased to $80,000.00 (Filing No. 8-1 at 4).  When Aurelan Bideliscu (a white male from Eastern Europe) was hired in 2014, his starting salary was above $94,000.00 annually while Mr. Feresu's salary was $81,600.00.  *Id.*

Ms. Feresu experienced false accusations, bullying, and harassment.  She suffered comments and questions about her nationality and about being a "good woman" and a "good mother."  She was told that she needed to work five times harder than the American faculty members (Filing No. 8-2 at 4–7).

Ms. Feresu informed IU that she suffers from diabetes and hypertension.  She requested that reasonable accommodations be provided, yet nothing was provided.  Ms. Feresu's health deteriorated because of the stress and hostility experienced at work, and she had to increase her medications.  Ms. Feresu asserts that IU "did nothing about it but later, started to hold meetings during unfavorable hours to my disease." (Filing No. 8-2 at 7.)

Ms. Feresu filed charges with the U.S. Equal Employment Opportunity Commission ("EEOC"), which reviewed her charges and then dismissed the charges because it was "unable to conclude that the information obtained establishes violations of the statutes." (Filing No. 8-1 at 6; Filing No. 8-2 at 9.)  The EEOC provided Ms. Feresu with a Notice of Suit Rights, informing her of the time periods in which she could file a lawsuit on the charges.  *Id.*  On July 22, 2014, Ms.

Feresu timely filed two complaints against IU based on the two charges dismissed by the EEOC. The two cases were consolidated into this action on September 5, 2014.

### III.  DISCUSSION

IU asserts that Ms. Feresu's claim for damages is barred by IU's immunity under the Eleventh Amendment.  Ms. Feresu responded to the Motion to Dismiss by reiterating the wrongs that she suffered at the hands of IU.  She did not address Eleventh Amendment immunity.

The Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The Supreme Court has noted,

> Although by its terms the Amendment applies only to suits against a State by citizens of another State, our cases have extended the Amendment's applicability to suits by citizens against their own States.  The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.

*Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (citations omitted).  Thus, Eleventh Amendment immunity prohibits private parties from suing non-consenting states in federal court for damages except where Congress has abrogated that immunity.  *Id.*  "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority."  *Id.* (citation and quotation marks omitted).

As an initial matter, IU is an "instrumentality," "arm," or "alter ego" of the State of Indiana for purposes of the Eleventh Amendment, and thus enjoys the same immunity as the State under the Eleventh Amendment.  *Woods v. Indiana University-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993); *Shannon v. Bepko*, 684 F. Supp. 1465, 1470 (S.D. Ind. 1988).

The Court must consider whether Congress validly abrogated IU's Eleventh Amendment immunity for the claims at issue in this action under each of the statutory provisions relied upon by Ms. Feresu. If Congress validly abrogated immunity, then dismissal of the claims is not appropriate on the basis of the Eleventh Amendment. If Congress has not validly abrogated immunity, then the Court must consider whether the State has consented to the action or waived its immunity. If the State has not consented to the action or waived its immunity, then dismissal of the claims is appropriate under the Eleventh Amendment.

Ms. Feresu brought employment discrimination claims based on her race, nationality, sex, and disability. She brought her claims under Title VII, the EPA, the ADA, and § 1981. Regarding claims under Title VII, the Seventh Circuit has explained, "we hold that the 1972 Act validly abrogated the States' Eleventh Amendment immunity with respect to Title VII disparate treatment claims." *Nanda v. Bd. of Trs. of the Univ. of Ill.*, 303 F.3d 817, 831 (7th Cir. 2002). This was recognized in a later, unpublished opinion from the Seventh Circuit where the court plainly stated, "Congress has abrogated states' immunity under Title VII." *Noesen v. Med. Staffing Network, Inc.*, 232 Fed. Appx. 581, 585 (7th Cir. 2007). Concerning claims under the EPA, the Seventh Circuit has stated,

> [W]e conclude that Congress validly exercised its authority under § 5 of the Fourteenth Amendment when it extended the Equal Pay Act to cover wage discrimination on the part of state employers. . . . [T]he defendants cannot assert the Eleventh Amendment as a defense to the plaintiffs' Equal Pay Act claim.

*Varner v. Ill. State Univ.*, 226 F.3d 927, 936 (7th Cir. 2000). Therefore, Eleventh Amendment immunity does not apply to Ms. Feresu's Title VII and EPA claims. Because IU's sole basis for requesting dismissal is Eleventh Amendment immunity, its Motion to Dismiss Ms. Feresu's Title VII and EPA claims is **denied**.

Turning to claims brought under the ADA and § 1981, in *Garrett*, the Supreme Court held that Congress did not validly abrogate state immunity as to Title I claims under the ADA. *Garrett*, 531 U.S. at 374 n.9. As to § 1981 claims, "[w]ell-settled case law makes it clear that Congress has not abrogated state sovereign immunity with respect to §§ 1981 and 1983." *Baker v. Ind. Family & Soc. Servs. Admin.*, 260 F. Supp. 2d 731, 737 (S.D. Ind. 2003); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Because Congress has not abrogated the states' immunity for ADA and § 1981 claims, the Court considers whether the State waived its immunity to allow the claims to proceed.

"As a general matter, Indiana has not waived its immunity." *Shannon*, 684 F. Supp. at 1470 (citing Indiana Code § 34-4-16.5-5(d) (now codified at Indiana Code § 34-13-3-5(f))). Courts in this district have recognized that "Indiana has not waived its immunity with regard to suits brought under the ADA in federal court." *Turner v. Indiana Teachers' Ret. Fund*, 2008 U.S. Dist. LEXIS 44971, at *5 (S.D. Ind. June 5, 2008). And "a state agency may assert its Eleventh Amendment sovereign immunity to any private Section 1981 claim brought against it in federal court." *Burrus v. State Lottery Comm'n*, 2008 U.S. Dist. LEXIS 1770, at *4 (S.D. Ind. Jan. 7, 2008).

Because Congress has not abrogated IU's immunity for ADA and § 1981 claims and because the State has not waived its immunity, Ms. Feresu's claims under the ADA and § 1981 must be dismissed. Therefore, as to these claims, IU's Motion to Dismiss is **granted**.

As a final matter, Ms. Feresu informed the Court that she would be leaving the country to seek employment in South Africa and attached her flight itinerary, indicating a September 29, 2014 departure. She indicated that she did not know when she would return to the United States. Thus, she provided an email address for service and distribution of filings. Ms. Feresu has provided no

updated mailing address or even notice of whether she is currently in the United States, South Africa, or elsewhere. Attorneys and *pro se* litigants, are required to provide a current address within 30 days of a change of address. Ms. Feresu shall file notice with the Court of her current mailing address no later than **September 18, 2015.**

## IV. CONCLUSION

For the foregoing reasons, IU's Motion to Dismiss (Filing No. 17) is **GRANTED in part and DENIED in part**. This litigation will proceed on Ms. Feresu's claims under Title VII and the EPA. The Court directs Ms. Feresu to file an amended complaint within **thirty (30) days of the date of this Order** to correct the deficiency of improperly naming "Indiana University Bloomington" as the Defendant in this action. Ms. Feresu's amended complaint should name "The Trustees of Indiana University" as the Defendant and assert her claims under the Equal Pay Act and Title VII of the Civil Rights Act of 1964, not under the Americans with Disabilities Act or Equal Rights Under Law, 42 U.S.C. § 1981.

**SO ORDERED.**

Date: 9/3/2015

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION via electronic mail:

Shingairai Feresu
sferesu@yahoo.com

Cory Stephen Brundage
CORY BRUNDAGE, LLC
cb@brundagelaw.com

8