UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHINGAIRAI FERESU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01227-TWP-DKL |
| ) | |
| INDIANA UNIVERSITY BLOOMINGTON, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTIONS TO RECONSIDER**

This matter is before the Court on Plaintiff Shingairai Feresu's ("Ms. Feresu") Motions to Reconsider (Filing No. 14; Filing No. 15).  Ms. Feresu asks the Court to reconsider its Order denying her request for counsel and its Order consolidating her two related cases against Defendant Indiana University Bloomington ("IU") and providing IU five additional days to respond to the Complaints.  For the following reasons, the Court **DENIES** Ms. Feresu's Motions to Reconsider.

**A.     Legal Standard**

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these motions.  *United States v. Roth*, 2010 U.S. Dist. LEXIS 38175, at *3–4 (E.D. Wis. Apr. 19, 2010).  A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  If timely filed, a motion styled as a motion to reconsider should be considered under Rule 59(e).  *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009).  Ms. Feresu filed her "Response to request for Denial of Motion to Consolidate Actions and for extension of Time to respond" (Filing No. 14) on September 18, 2014, only thirteen days after the Order on Motion to Consolidate.  She also filed her "Response to Request

for Lawyer Assistance – Denied. Requesting for Reconsideration" (Filing No. 15) on September 18, 2014, twenty-one days after the Order on Motion to Appoint Counsel. Therefore, the Court will analyze Ms. Feresu's Filings/Motions as motions to alter or amend under Rule 59(e).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

B.   **Order Denying Ms. Feresu's Request for Counsel**

The Court first addresses Ms. Feresu's Motion regarding her request for counsel. In the Court's Order denying Ms. Feresu's request, the Court explained:

> Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). "When

2

> confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007).

(Filing No. 12 at 1.) Because Ms. Feresu failed to present any information regarding her attempts to obtain counsel, the Court determined that requesting counsel for Ms. Feresu was not appropriate. Additionally, the Court determined that based on Ms. Feresu's comprehensible filings, her use of the court's processes, her familiarity with the factual circumstances surrounding her attempts to exhaust administrative remedies, and her legal claims, Ms. Feresu is competent to litigate on her own. *Id.* at 2.

In September 2014, Ms. Feresu responded to the Court's Order by filing a Motion to Reconsider the Order denying the request for counsel. (Filing No. 15) In her Motion, Ms. Feresu explains to the Court the efforts she took to obtain counsel. Ms. Feresu reports that her efforts were unsuccessful at securing counsel. These reported efforts are not newly discovered evidence which warrant reconsideration. However, since her original attempts to secure counsel, the posture of Ms. Feresu's case has changed. Some of Ms. Feresu's claims have survived a motion to dismiss. (See Filing No. 20.) In light of the change in the status of her case, the Court suggest that Ms. Feresu continue in her efforts to seek counsel on her own.

Concerning the Court's second inquiry when deciding a request for counsel, Ms. Feresu explains that she is "eloquent based on my previous positions as a trade unionist," but that she is not "knowledgeable about US laws enough to represent myself." (Filing No. 15 at 2.) While Ms. Feresu may not be trained and educated to practice law, she does have a doctorate degree and has shown an ability to navigate the litigation process, including exhausting administrative remedies. Based on her previous actions in this litigation and her formal education, which indicates that she

3

is capable of learning and following procedures, the Court is not persuaded that Ms. Feresu is incompetent to litigate her case without counsel. Additionally, Ms. Feresu explains to the Court that she was in need of appointed counsel because she is leaving the country to seek employment. Her absence from the country, she argues, necessitates the Court's appointment of counsel. However, this is not a basis for the Court to request counsel.

There has been no showing of a manifest error of law or fact or a presentation of newly discovered evidence, which would justify alteration or amendment to the Court's Order. Therefore, the Court denies Ms. Feresu's Motion to Reconsider its Order on Motion to Appoint Counsel.

**C.      Order Granting IU's Motion to Consolidate and for Extension of Time**

The Court next addresses Ms. Feresu's Motion regarding the Court's Order on IU's Motion to Consolidate and for an Extension of Time to Respond. IU asked the Court to consolidate the two related actions that Ms. Feresu initiated against IU, and IU also requested five additional days to respond to the Complaints. The Court granted IU's motion and consolidated the actions.

The decision whether to consolidate multiple suits is left to the district judge's discretion, *Blue Cross Blue Shield of Mass. v. BCS Ins. Co.*, 671 F.3d 635, 640 (7th Cir. 2011), and will be overturned only upon a clear showing of abuse of that discretion. *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008). "The primary purpose of consolidation is to promote convenience and judicial economy. . . . The decision to consolidate under Rule 42 is within the discretion of the trial judge." *Miller v. Wolpoff & Abramson, LLP*, 2007 U.S. Dist. LEXIS 63936, at *4-5 (N.D. Ind. Aug. 28, 2007) (internal quotation marks omitted).

In her filing, Ms. Feresu explains to the Court,

> By your action to do exactly what I had asked you not to do (granting them extension and consolidating the cases), I hope your action does not mean you will

be ruling for, or favoring Indiana University, and I hope that you are deeming Indiana University and I as equal under the Law.

(Filing No. 14 at 1.) Ms. Feresu then reiterates facts from her Complaints and asserts additional facts regarding her conditions while employed by IU. She again explains to the Court that she was going to be leaving the country to seek employment, but she fails to explain why this fact is relevant to the Court's consolidation of her two actions against IU. She also asserts that she hoped to resolve the actions before her then-scheduled departure from the country eleven days after her filing.[1]

As with Ms. Feresu's first Motion, there has been no showing of a manifest error of law or fact or a presentation of newly discovered evidence, which would justify alteration or amendment to the Court's Order. A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606. Ms. Feresu seems to present only her disappointment, not any manifest error. Therefore, the Court denies Ms. Feresu's Motion to Reconsider its Order on Motion to Consolidate.

For the reasons stated above, the Court **DENIES** Ms. Feresu's Motions to Reconsider (Filing No. 14; Filing No. 15).

**SO ORDERED.**

Date: 9/3/2015

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[1] Ms. Feresu informed the Court that she would be leaving the country to seek employment in South Africa and attached her flight itinerary, indicating a September 29, 2014 departure. She indicated that she did not know when she would return to the United States. Thus, she provided an email address for service and distribution of filings. Ms. Feresu has provided no notice of whether she is currently in the United States, South Africa, or elsewhere. Ms. Feresu has previously been ordered to provide a current mailing address by no later than September 18, 2015.

DISTRIBUTION via electronic mail:

Shingairai Feresu
sferesu@yahoo.com

Cory Stephen Brundage
CORY BRUNDAGE, LLC
cb@brundagelaw.com