UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHINGAIRAI FERESU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-01227-TWP-DKL |
| | ) | |
| INDIANA UNIVERSITY BLOOMINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on Plaintiff Shingairai Feresu's ("Ms. Feresu") Motion to Request for Trustees of Indiana University to give a Legal Assurance that they do not mingle and Divuldge my case with University of Pretoria- My New Employer (Filing No. 68). In this filing, Ms. Feresu asks the Court to reconsider its Entry denying her request to order the Defendants, the Trustees of Indiana University Bloomington ("IU") to not "divulge" information regarding this litigation to her employer in South Africa. The Court will treat the filing as a Motion to Reconsider/ Motion to Alter or Amend Judgment.

On December 7, 2016, Ms. Feresu filed three duplicative entries requesting that the Court not allow IU to "mingle or divulge" information regarding this litigation to her employer in South Africa (Filing No. 64; Filing No. 65; Filing No. 66). She also asked the Court to extend the response time to file her surreply brief regarding IU's motion for summary judgment. The Court denied as moot Ms. Feresu's request to prohibit IU from "mingling or divulging" information regarding this litigation to her employer in South Africa because this request is not an issue related to this litigation (Filing No. 67). The Court also denied the request for additional time to file a surreply brief. *Id.* Ms. Feresu promptly filed the instant Motion asking the Court to reconsider or

amend its denial of her request to not allow IU to "mingle or divulge" information regarding this litigation (Filing No. 68).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

Ms. Feresu has not established a manifest error of law or fact in the Court's previous ruling. Federal courts are courts of public record, and "'[d]ocuments that affect the disposition of federal litigation are presumptively open to public view.'" *Charles Schwab & Co. v. Staley*, 2015 U.S. Dist. LEXIS 117906, at *2 (S.D. Ind. Sep. 3, 2015) (quoting *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013)). "The presumption, however, can be rebutted. A litigant is allowed,

for example, to conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." *Goesel*, 738 F.3d at 833. However, the presumption is not rebutted by the fact that parties simply do not want to disclose information. *See id.* at 835.

> The reason for this right of public access to the judicial record is to enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties. As Holmes put it, "It is desirable that the trial of causes should take place under the public eye, not because the controversies of one citizen with another are of public concern, but because it is of the highest moment that those who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed."

*Id.* at 833 (citations omitted).

The Seventh Circuit has further explained that courts cannot "grant[] a virtual carte blanche to either party to seal whatever portions of the record the party want[s] to seal. . . . The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945.

Ms. Feresu's requested relief is not warranted because the instant case is a matter of public record. In essence, Ms. Feresu is asking the court to restrict public access to this pending litigation. Ms. Feresu has not requested a protective order of a specific document, rather, she is attempting to restrict access to the litigation in general. She has not presented an adequate basis to rebut the presumption of public access to court records.

In addition, the Court did not err in finding that Ms. Feresu's request to restrict Defendants from giving information regarding this litigation, is not related to the issues of this litigation. Copied from her initial motion, Ms. Feresu again asserts in her motion to reconsider that she simply

3

does not want her information shared with anyone, and the nature of this case is "sensitive" because it involves a sexual harassment claim. However, as the Seventh Circuit explained, the presumption is not rebutted by the fact that parties simply do not want to disclose information. Furthermore, sensitive issues arise in many cases, and Ms. Feresu's reason for nondisclosure would require that every employment discrimination case involving a sexual harassment claim be maintained under seal. Ms. Feresu has not rebutted the presumption of public access. There was no manifest error in the Court's Entry, and Ms. Feresu failed to point out any facts or law to suggest otherwise. Thus, Ms. Feresu's Motion to reconsider is **DENIED** (Filing No. 68).

The established deadline for Ms. Feresu to file a surreply brief to IU's motion for summary judgment remains in place. Any surreply brief must be filed no later than **Monday, December 19, 2016,** and must be no more than **twenty (20) pages** in length. It should not discuss claims that are not before the Court such as claims under the Americans with Disabilities Act and Equal Rights Under Law, 42 U.S.C. § 1981, or for sexual orientation discrimination.

Ms. Feresu acknowledged in her Motion that her duplicative filings at Docket 64 and Docket 65 were filed in error and that the filing at Docket 66 was the "final document." (Filing No. 68 at 1.) Therefore, Filing No. 64 and Filing No. 65 are **STRICKEN** from the record.

**SO ORDERED.**

Date: 12/13/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution via email:

Shingairai Feresu
sferesu@yahoo.com
sferesu@gmail.com

Cory Stephen Brundage
CORY BRUNDAGE, LLC
cb@brundagelaw.com


Distribution via U.S. Mail:

Shingairai Feresu
204 Smith Street
Mucklenuek Pretoria 0002
South Africa