UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHINGAIRAI FERESU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-01227-TWP-DKL |
| | ) | |
| INDIANA UNIVERSITY BLOOMINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON (1) DEFENDANT'S MOTIONS TO STRIKE AND OBJECTION TO PLAINTIFF'S "SURREPLY FILINGS" AND (2) PLAINTIFF'S REQUEST FOR ADDITIONAL TIME TO RESPOND TO DEFENDANT'S MOTIONS TO STRIKE**

This matter is before the Court on Defendant the Trustees of Indiana University's ("IU") "Motion to Strike Plaintiff's Filing of January 4, 2017, Entitled: 'Surreply to Summary Judgment,'" ([Filing No. 83](#)) and "Objection to and Motion to Strike Portions of Plaintiff's Filing of January 3, 2017, Entitled: 'Response to: Objection to Material Submitted with, and Defendant's Reply to, Plaintiff's 'Motion to Deny Approval of Summary Judgment and Response to Summary Judgment Motion Douments [sic] 42-44-3'"" ([Filing No. 84](#)) (collectively "Defendant's Motions to Strike Plaintiff's Surreply Filings"), as well as Plaintiff Shingairai Feresu's ("Ms. Feresu") Request for Additional Time to respond to Defendant's Motions to Strike Plaintiff's Surreply Filings ([Filing No. 85](#); [Filing No. 86](#)).

On June 23, 2016, IU filed its Motion for Summary Judgment on Ms. Feresu's claims ([Filing No. 42](#)). Ms. Feresu filed her Response Brief on October 17, 2016. IU filed its Reply Brief, with objections to Ms. Feresu's designated evidence, on November 14, 2016. Ms. Feresu asked for numerous extensions of time to file a surreply brief, which the Court granted. Ms. Feresu filed her "Surreply Filings" on January 3 and 4, 2017 ([Filing No. 78](#); [Filing No. 79](#)).

The Court notes that Local Rule 56-1(d) provides:

> A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections.

Thus, Local Rule 56-1(d) allows a summary judgment surreply only in limited circumstances—if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response.

The "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4 (S.D. Ind. Mar. 25, 2010). However, "new arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Reis v. Robbins*, 2015 U.S. Dist. LEXIS 23207, at *5 (S.D. Ind. Feb. 26, 2015) (citations omitted). "[T]his serves to prevent the nonmoving party from being sandbagged." *Id.* (citation omitted). Therefore, courts will allow a surreply only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response. *See, e.g.*, *id.*; *Miller v. Polaris Labs., LLC*, 2014 U.S. Dist. LEXIS 18161 (S.D. Ind. Feb. 12, 2014).

In the Defendant's Motions to Strike Plaintiff's Surreply Filings, IU asserts that Ms. Feresu's Surreply Filings are really a second, untimely response brief to IU's Motion for Summary Judgment, unauthenticated and inadmissible documents, and an attempt to reinject her previously dismissed claims under the Americans with Disabilities Act and the Equal Rights Under Law Act, 42 U.S.C. § 1981. On these bases, IU asks the Court to strike Ms. Feresu's Surreply Filings.

Filed as responses to the Defendant's Motions to Strike Plaintiff's Surreply Filings rather than as a motion for an extension of time, Ms. Feresu asks the Court for additional time to "study the documents, and see how best I am supposed to submit a surreply, and reply to Documents 83 and 84, as appropriate." (Filing No. 86 at 2.) Ms. Feresu asks for this additional time to respond because of her health and because she is not a lawyer.

Upon review of the parties' filings, the Court notes that it is able to appropriately review the arguments and designated evidence and determine the facts based upon those arguments and evidence without consideration of which party got the "final word." The Court also notes that it understands what claims are pending before the Court and what consideration is due to the evidence and arguments. Therefore, IU's Motions to Strike Plaintiff's Surreply Filings are **DENIED** (Filing No. 83; Filing No. 84). As such, Ms. Feresu's Request for Additional Time to respond to Defendant's Motions to Strike Plaintiff's Surreply Filings is **DENIED as moot** (Filing No. 85; Filing No. 86). IU's Motion for Summary Judgment has been more than adequately briefed. The Court does not need additional filings at this point to make a determination regarding the Motion.

**SO ORDERED.**

Date: 1/23/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution via electronic mail:

Shingairai Feresu
sferesu@yahoo.com
sferesu@gmail.com

Cory Stephen Brundage
CORY BRUNDAGE, LLC
cb@brundagelaw.com

Distribution via U.S. Mail:

Shingairai Feresu
204 Smith Street
Mucklenuek Pretoria 0002
South Africa